In re COASTLAND CHRYSLER PLYMOUTH, INC., Debtors.

Bankruptcy No. 85–02208–BKC–TCB.

United States Bankruptcy Court, S.D. Florida.

May 20, 1987.

Edward R. Miller, Naples, Fla., for debtors.

John C. Shawde, Mershon, Sawyer, et al., Miami, Fla., for Trustee.

Robert W. Clark, MacFarlane, Ferguson, et al., Tampa, Fla., Janie Anderson, co-counsel, Steel, Hector & Davis, Miami, Fla., for First Florida Bank, N.A.

MEMORANDUM DECISION

(FIRST FLORIDA BANK CLAIMS)

THOMAS C. BRITTON, Chief Judge.

The trustee's objections (C.P. 298a) to the 19 claims filed by the bank against three of the four consolidated debtors were heard on May 18. The parties announced that they have reached agreement on all issues except one. In this order, I shall resolve the remaining issue and direct the parties to submit an order resolving *all* the objections, incorporating the disposition agreed upon between the parties as well as this court's resolution of the sole remaining disputed item.

The bank sustained a loss of $2,832,434 as a result of a fraud committed upon it by its own employees acting in concert with employees of the debtors. It asserted a claim in that amount against an insurance carrier upon a surety bond. The claim was compromised and settled between the bank and its surety by the payment of $1 million to the bank and the assignment by the surety to the bank of all claims and rights of action it might have as subrogee, provided however that the bank will remit to the surety any money it might recover in excess of the bank's claimed loss. The bank and the trustee have stipulated that only $1,737,370 of its total loss is properly asserted as a claim against the estate of these debtors. They have also stipulated that $320,000 of the $1 million payment made by the surety to the bank is properly allocated to that part of the bank's loss which may appropriately be asserted against these debtors.

It is the bank's position that it is entitled to claim the entire $1.7 million loss. It is the trustee's position that the bank's claim should be reduced by the amount it has received from its surety ($320,000) and, therefore, should be allowed in the amount of $1,417,370. I agree with the bank and disagree with the trustee.

The trustee's contention is based upon 11 U.S.C. § 509(c) which subordinates a surety's claim to the claim of its principal until the principal has been paid in full from the bankruptcy estate or otherwise. The trustee's argument misapplies § 509(c), which was enacted for the protection of a creditor as against the claims of the creditor's surety. 3 *Collier on Bankruptcy* ¶ 509.04 (15th Ed. 1987). Neither the provisions of § 509(c) nor its legislative history require that the creditor's claim be reduced until and unless the creditor's claim has been paid in full by the bankruptcy estate or the surety or both. It has not been suggested that such is or is likely to be the case here. There is, in short, no plausible or equitable reason why this creditor's full claim for its loss chargeable to these debtors should not be allowed as a general, unsecured claim for the purpose of distributing the debtors' assets.